**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY MELODY MITCHELL, | No. 13-36124 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00141-BR |
| v. | |
| POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 18, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Kimberly Melody Mitchell appeals the district court's judgment in favor of

the Postmaster General, United States Postal Service. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because Plaintiff did not timely challenge the district court's instructions, we review for plain error. *See Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011) (citing Fed. R. Civ. P. 51(d)(2)). The court's error in stating the causation standard in Plaintiff's Title VII retaliation claim as "sole" instead of "but-for" cause is not reversible because it was more probably than not harmless. *See Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013). Plaintiff's counsel argued that a sole cause—discrimination, not Plaintiff's absences—resulted in her termination. The jury also found for Defendant on Plaintiff's related Rehabilitation Act retaliation claim, which was nearly identical except that it required a lower "motivating factor" causation standard.

Because Plaintiff did not make an offer of proof, we also review her evidentiary challenge for plain error. *See* Fed. R. Evid. 103(e); *United States v. Hayat*, 710 F.3d 875, 894 (9th Cir. 2013). The district court's relevance-based exclusion of testimony by Plaintiff's supervisor was not plainly erroneous. These complaints were mere allegations of wrongdoing. Plaintiff was not precluded from asking the witness about actual episodes of discrimination or about adjudications or findings of discrimination.

**AFFIRMED.**

2